## CATHARINE NEWTON *vs.* JAMES S. COOK.

A husband, who before his marriage had mortgaged land to a guardian for the benefit of his wards, afterwards became insolvent, and his assignee sold the land, the purchaser made a mortgage to the wards to secure a like amount, and the guardian discharged his mortgage upon the record, pursuant to a verbal agreement that the mortgage to the wards should be substituted for that to the guardian; the purchaser of the right of the husband afterwards sold the land, and his grantee redeemed the mortgage, before the husband's death. *Held*, that under Rev. Sts. c. 60, § 2, the widow was entitled to dower in the equity of redemption only.

When a person claiming under the husband redeems a mortgage which was valid and effectual against the wife, she may, under Rev. Sts. c. 60, § 2, by action at law, have her dower assigned to her, first deducting from the value of the land the amount paid for the redemption of the mortgage. And a general demand of dower is sufficient to support such an action.

WRIT OF DOWER.  At the trial before *Dewey*, J., Francis L. Newton, a son of the demandant, testified that he, holding a sufficient power of attorney from his mother, (which he produced in court,) went to the tenant, at his house on the premises, showed him this power, and made a claim for the widow's dower to be set off to her by the tenant.

There was also evidence of the following facts: Obed Newton, the husband of the demandant, before his marriage to her, purchased part of the premises from Ephraim Smith, and the residue from another party, and took deeds thereof which were duly recorded, and at the same time mortgaged the whole premises to

Smith to secure $440, part of the purchase money, for the benefit of B. F. Colt and M. Colt, minors, whose guardian Smith was. Newton became insolvent, and S ith was duly appointed his assignee, and on the 5th of Apri. 1844 sold the premises by public auction to Sydenham Cook, who on the same day mort-gaged the premises to the two Colts to secure the payment of $440. On the 4th of June 1844 Smith entered the following discharge on the margin of the record of the first mortgage: "I hereby discharge this mortgage, the condition thereof having been complied with. Ephraim Smith."

Smith, being called as a witness by the tenant, testified that, at the time of his sale to Sydenham Cook, it was agreed that the mortgage to himself should be taken up, and another substi tuted for the same amount to the Colts, and that time should be given on it; that it was part of this understanding, that he should discharge the first mortgage; and that a new note and mortgage were substituted accordingly, and the discharge of the first mortgage made in pursuance of this agreement, and for no other consideration. The demandant objected to the compe-tency of this evidence.

Sydenham Cook afterwards sold his right of redemption to the tenant, and Smith, on the 12th of April 1847, as guardian of the Colts, discharged the second mortgage on the margin of the record, having received payment from the tenant of the debt secured thereby. Obed Newton died in 1853. The de-mandant never released her dower on the premises.

The presiding judge reserved the case, upon the foregoing facts, for the judgment of the full court.

This case was argued at September term 1854.

*C. P. Huntington*, for the demandant. The first mortgage, which was the only one valid and effectual against the demand-ant, having been discharged, during the lifetime of her husband, by Smith, the mortgagee, who was also assignee of the husband, the demandant is entitled to dower as of an unincumbered estate. Rev. Sts. *c.* 60, § 2, and commissioners' note. *Eaton* v *Simonds*, 14 Pick. 98, 108. *Lund* v. *Woods*, 11 Met. 566 *Wedge* v. *Moore*, 6 Cush. 8.

The parol evidence was not admissible, so far as it was offered to vary or contradict the terms of the discharge.

If not entitled to dower in the whole estate, she is entitled to judgment for dower, after deducting so much as equals in value the amount paid for redemption.   Rev. Sts. c. 60, § 2.

The general demand of dower was sufficient.   Rev. Sts. c. 102, § 2.   *Burbank* v. *Day*, 12 Met. 558.

*C. Delano*, for the tenant.   The condition upon which the demandant may be endowed is prescribed by the Rev. Sts. c. 60, § 2, which oblige her to elect either to contribute her share towards redeeming, or be endowed of the equity only.   The mortgage to Smith, in contemplation of the statute, and independently of the statute, is to be deemed still outstanding against the demandant.   The intent of the parties is to govern, when expressed; the interest of the mortgagee, when the intent is not expressed.   *Gibson* v. *Crehore*, 3 Pick. 475, and 5 Pick. 146.   *Forbes* v. *Moffatt*, 18 Ves. 384.   *Freeman* v. *Paul*, 3 Greenl. 260.   *Thompson* v. *Chandler*, 7 Greenl. 377.   *James* v. *Morey*, 2 Cow. 246.   *Popkin* v. *Bumstead*, 8 Mass. 491.   *Cass* v. *Martin*, 6 N. H. 25.   *Hunt* v. *Hunt*, 14 Pick. 374.   *Brown* v. *Lapham*, 3 Cush. 551.   *Russell* v. *Coffin*, 8 Pick. 151, 152.   Broom's Max. (2d ed.) 413, 414.   12 Law Reporter, 165.   *Eaton* v. *Simonds*, relied on by the demandant, is opposed to *Popkin* v. *Bumstead*, 8 Mass. 491; was before the Rev. Sts.; and appears to have been decided before this point was argued.   14 Pick. 106. The discharge of record has the same effect as a deed of release ; Rev. Sts. c. 59, §§ 5, 33; and is the only conveyance that the holder of the equity can compel.   Rev. Sts. c. 107, § 16.

The parol evidence was admissible, as part of the *res gestæ*, to show the consideration of the second mortgage, and the intent of the parties to treat it as a substitute for the first.

But if the first mortgage is to be treated as redeemed and discharged, it was by the tenant, who, having purchased from Sydenham Cook the equity of redemption which he obtained from the assignee of the demandant's husband, is a person claiming under the husband, and, as such, entitled to be reimbursed by the demandant.   Rev. Sts. c. 60, § 2 ; c. 107, § 4.

The only remedy of the demandant to enforce any rights under Rev. Sts. *c.* 60, § 2, is by bill in equity, at least if she elects to contribute. *Gibson* v. *Crehore*, 3 Pick. 475, and cases there cited.

If she elects to be endowed, after deducting the money paid for redemption, she may perhaps maintain an action at law; but such action must be preceded by a legal demand. Rev. Sts. *c.* 102, § 2. Such demand should signify whether she will redeem, or be endowed of the equity only.

THOMAS, J. The demandant's claim for dower is founded upon the provisions of the Rev. Sts. *c.* 60, §§ 1, 2. Section 2 provides that " if the husband shall be seized of land, subject to any mortgage which is valid and effectual as against his wife, she shall nevertheless be entitled to dower in the mortgaged premises, as against every person except the mortgagee and those claiming under him ; provided, that if the heir, or other person, claiming under the husband, shall redeem the mortgage, the widow shall either repay such part of the money paid by him, as shall be equal to the proportion which her interest in the mortgaged premises bears to the whole value thereof, or she shall, at her election, be entitled to dower only according to the value of the estate, after deducting the money so paid for the redemption thereof."

The tenant claims under the husband, and whether the tenant redeemed the mortgages, or those under whom he claims, is not material. If the mortgage was paid or redeemed by Smith or by Sydenham Cook, it was redeemed by one claiming under the husband ; and the demandant must repay her proportion, or take her dower out of the estate after deducting the amount so paid for redemption. If the mortgage given to the Colts is not to be regarded as payment, but as a substitute for the mortgage before given to Ephraim Smith as guardian of and in trust for the Colts, the result would be the same. For, in this view of the case, the incumbrance of the mortgage continued till it was discharged by the present tenant. This seems to us to be the just and equitable construction of the statute.

Upon the marriage of the demandant with Obed Newton, he

was seized only of an equity of redemption. In this equity only, she acquired by marriage an inchoate right of dower. The mortgage was never paid by her or her husband, or by any person for her or his benefit. During his ownership, there was no change in the mortgage. She has therefore her dower of all the estate of which he was seized during the coverture, when she takes dower of the estate subject to the mortgage.

The parol evidence seems to be competent, though not necessary to the decision of the case on the first ground stated. Its effect is not to contradict a written instrument, but to show under what facts a payment was made.

*Eaton* v. *Simonds,* 14 Pick. 108, was decided before the passage of the statutes now in force, and could not have been decided as it was, under Rev. Sts. *c.* 60, § 2.

The demand was good, and broad enough to cover any interest the demandant had in the estate. She did not elect to pay her proportion. Her demand was therefore, in effect, for dower after deducting the amount paid on the mortgage.

The mode of assigning her dower will be that the commissioners ascertain the entire value of the estate, deduct the amount paid on the mortgage, and assign to the demandant for her life a portion of the estate equal to one third of the residue.

*Judgment for the demandant.*